UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

FRANK PERENDY,

        Plaintiff,               Case No.: 0:16-cv-01247

vs.

VOLKSWAGEN GROUP OF
AMERICA, INC., a corporation;
VOLKSWAGEN
AKTIENGESELLSCHAFT, a business
entity, form unknown; and DOES 1
through 20, inclusive,

        Defendants.

---

## NOTICE OF REMOVAL

---

TO:    Plaintiff, above-named, and his attorneys, Anthony P. Chester and Robert L. Hyde, HYDE & SWIGART, 120 South 6th Street, Suite 2050, Minneapolis, MN 55402.

    PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1446, Defendant Volkswagen Group of America, Inc. ("VWGoA"), hereby files this Notice of Removal of this case from the State of Minnesota District Court for the County of Hennepin, where it is currently pending, to the United States District Court for the District of Minnesota, Fourth Division.  In support of this Notice of Removal VWGoA states:

## I.    PROCEDURAL BACKGROUND

1.    Plaintiff Frank Perendy ("Plaintiff") commenced this action in the District Court of Hennepin County, Minnesota, on April 27, 2016 ("the State Court action").

2.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331.  As such, removal is proper because this Court has original federal question jurisdiction.

3.    VWGoA files this Notice of Removal within thirty days of service of the pendency of this action.  *See* 28 U.S.C. § 1446(b)(1).

4.    Venue in the Fourth Division of the United States District Court for the District of Minnesota is proper because the State Court action was commenced in the District of Minnesota in and for the County of Hennepin.

5.    Pursuant to 28 U.S.C. § 1446(d), VWGoA is serving a copy of this Notice of Removal on all counsel of record.  Notice of Filing of this Notice of Removal will be filed with the Clerk of the Hennepin County District Court.

## II.    PAPERS FROM REMOVED ACTION

6.    Pursuant to 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon" VWGoA prior to the filing of this Notice of Removal is attached as Exhibit 1.

## III.    FEDERAL QUESTION JURISDICTION – 28 U.S.C. § 1331

7.    The claims involved in this action arise from the alleged purchase or lease of a vehicle into which VWGoA and Defendant Volkswagen Aktiengesellschaft ("VWAG") allegedly installed a "defeat device" in order "to market and sell the subject vehicle as having greater fuel efficiency and/or performance than would be possible if

2

[the] subject vehicle complied with" emissions standards promulgated by the Environmental Protection Agency ("EPA").  Exhibit 1 at ¶¶ 25-28.

8.     Plaintiff claims that VWGoA and VWAG violated the Minnesota Unlawful Trade Practices Act, the Minnesota Consumer Fraud Act, made false statements in advertising, violated the Minnesota Deceptive Trade Practices Act, and committed common law fraud, negligent misrepresentation, breached an express warranty, and breached the implied warranties of merchantability and fitness for a particular purpose. *See* Exhibit 1 at ¶¶ 46-96.

9.     Common to each the claims enumerated in the foregoing paragraph are these allegations:

a.     This case addresses an alleged fraud perpetrated not only against the marketplace but "a soverignty".  *See id.* at ¶ 10.

b.     Defendants manufactured and distributed hundreds of thousands of vehicles containing a software algorithm or "defeat device" embedded in the engine control module designed to make the vehicles appear to pass clean air emissions standards when subjected to emissions tests.  *See id.* at ¶¶ 11-13, 25.

c.     At other times, the vehicles would emit up to 40 times the quantity of nitrogen oxide allowed by emissions standards.  *See id.* at ¶ 14.

d.     Defendants allegedly admitted to violating the Federal Clean Air Act and emissions standards promulgated by the Environmental Protection Agency ("EPA") by installing the "defeat devices" in these vehicles and knowingly and

3

wilfully sold the vehicles knowing they would not comply with EPA emissions regulations. *See id.* at ¶¶ 21-26.

   e.    Plaintiff allegedly purchased or leased one of the affected vehicles. *See id.* at ¶ 28.

10.    Federal question jurisdiction exists of state law claims when "plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 28 (1983); *see also Grable v. Sons Metal Productions, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 314 (2005) (explaining that a complaint alleging violations of state law is removable under federal question jurisdiction if "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities"). The federal courts further recognize that "a plaintiff 'may not avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of his claim.'" *McDaniel v. State*, 2006 U.S. Dist. Lexis 59092, *6 (D. Mont. 2006) (*citing Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1041 (9th Cir. 2003)). Accordingly, under the "artful pleading doctrine," the federal courts may retain jurisdiction over a traditionally state law claim if the "right to relief depends on the resolution of a substantial, disputed federal question." *Lippitt*, 340 F.3d at 1042 (*citing Merrell Dow v. Pharmaceuticals, Inc.*, 478 U.S. 804, 814 (1986)); *see also Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983) (federal question jurisdiction exists over state law claims

when "plaintiff's right to relief depends on the resolution of a substantial question of federal law").

11.    This action is based upon allegations concerning a widely publicized EPA Notice of Violation, dated September 18, 2015, concerning the alleged installation of "defeat devices" in certain Volkswagen diesel vehicles violating emissions standards under the Federal Clean Air Act.  *See* Exhibit 1 at ¶ 24.

12.    Although the Complaint alleges claims for relief under state law, all of Plaintiff's claims implicate substantial questions of federal law.  Specifically, each of Plaintiff's claims for relief requires resolution of substantial questions of federal law— namely, whether and/or the extent to which VWGoA evaded federal vehicle emissions standards by its alleged use of a "defeat device," thereby violating federal law and EPA regulations and, if so, what the remedy should be for such violations.  *See e.g., Ormet Corp. v. Ohio Power Co.*, 98 F.3d 799, 807 (4th Cir. 1996) (exercise of federal jurisdiction proper where plaintiff's state law claim for breach of contract depended on the meaning of the term "owner" under the Clean Air Act, and where the resolution of a federal issue in state law causes of action could, because of different approaches and inconsistency, undermine the stability and efficiency of a federal statutory scheme necessary to uniformity).  Indeed, without the alleged violation of the Federal Clean Air Act and related EPA regulations Plaintiff would have no state law claims to assert under the alleged facts.  Plaintiffs may not evade federal jurisdiction simply by declining to plead a federal cause of action where their state law claims raise significant federal issues.

13.    As can be seen in Plaintiff's Complaint, Plaintiff's claims are based on VWGoA's alleged violation of federal laws and/or regulations, specifically federal emissions standards. Plaintiffs across the country already have filed over 750 putative class actions and individual actions in federal court against VWGoA (including three putative class actions in Minnesota, each of which has been transferred to the MDL described below). All of the cases request damages based on the allegations that Volkswagen installed "defeat devices" in vehicles purchased by plaintiffs in violation of the Clean Air Act and federal emissions standards and/or otherwise violated the emissions standards.

14.    On December 8, 2015, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order transferring the hundreds of pending federal court class actions to the United States District Court for the Northern District of California for coordinated and/or consolidated pre-trial proceedings.  In its order, the JPML noted that "the actions in this litigation involve common questions of fact, and . . . centralization in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation."   Case 3:15-md-02672-CRB, ECF Document 950 at 2.

15.    An initial conference in the MDL was held on December 22, 2015. Judge Breyer recently appointed Robert S. Mueller, III as settlement master, with his role being "to use his considerable experience and judgment to facilitate settlement discussions among the various parties in these complex matters." Case 3:15-md-02672-CRB, ECF Document 797.   On January 21, 2016, following a lengthy hearing, Judge Breyer

appointed Plaintiffs' Lead Counsel, the Plaintiffs' Steering Committee and Government Coordinating Counsel. *See id.*, ECF Document 1084. On January 22, 2016, Judge Breyer set an Initial Case Management Schedule governing practice and procedure for actions in the MDL and set February 22, 2016 as the deadline for a consolidated consumer class action complaint. *See id.* ECF Document 1087. The consolidated consumer class action complaint was filed on February 22, 2016. The order also set the next MDL status conference for February 25, 2016, and required the parties to submit proposed Pretrial Orders on various topics, including a schedule for briefing and hearing motions for remand. *See id.* at 3-4. On February 25, 2016, Judge Breyer issued a set of Pretrial Orders related to discovery, remand motions, a protective order and state court coordination. *See* Case 3:15-md-02672-CRB, ECF Document Nos. 1252, 1253, 1255 and 1256. Those Pretrial Orders are attached as Exhibits 2 through 5 to this Notice of Removal.

16.    On April 4, 2016, Judge Breyer issued Pretrial Order 17 ("PTO No. 17"), which specifically addresses the procedure for considering remand motions in the MDL. *See* Case 3:15-md-02672-CRB, ECF Document 1390. PTO No. 17 notes in relevant part that "actions continue to be removed to, or transferred to, this Court for coordinated or consolidated pretrial proceedings, which are or may be subject to potential motions to remand . . . ." Case 3:15-md-02672-CRB, ECF Document 1390 at 1:18-20. Judge Breyer further observed that "in the interest of judicial efficiency, motions to remand in this multidistrict litigation should be considered in a coordinated and orderly fashion once the issues implicated by the motions to remand have been fully raised (*including in*

*actions that have yet to be transferred to this Court*).  *Id*. at 1:21-24 (emphasis added). With those considerations in mind, Judge Breyer ordered that within 90 days after the entry of PTO No. 17, plaintiffs whose actions were transferred or removed to the MDL could file a motion to remand and that the parties should agree upon, or the Court would order, deadlines for responses to those motions.  *See* Case 3:15-md-02672-CRB, ECF Document 1390 at 1:26-27.  The MDL Court has further ordered that, during the ensuing three month period, the parties are to meet and confer about remand related discovery and should engage in any such discovery.  *See id*. at 2:3-5.  A true copy of PTO-17 is attached as Exhibit 6 to this Notice of Removal.

17.    Central to the need for an MDL proceeding is not only conserving the resources of the litigants but also the conservation of judicial resources.

18.    VWGoA believes this case, and many like it, belong in the MDL. Plaintiff's Complaint, like others in the MDL, is based inextricably on federal law in the Clean Air Act and related emissions regulations.

19.    "Where the resolution of a federal issue in a state-law cause of action could, because of different approaches and inconsistency, undermine the stability and efficiency of a federal statutory regime, the need for uniformity becomes a substantial federal interest, justifying the exercise of jurisdiction by federal courts."  *Ormet Corp.*, 98 F.3d at 807.

20.    Plaintiff's claims are properly removable to this Court and should be adjudicated in the MDL recently established in the United States District Court for the Northern District of California, which involves hundreds of federal court actions

asserting virtually identical claims against VWGoA.  It would not further judicial efficiency to allow forum shopping by many of the potentially hundreds of thousands of purchasers of these vehicles and clog up the courts of Minnesota or other states.

21.    Plaintiff may not evade federal jurisdiction simply by declining to plead a federal cause of action where his state claims raise significant federal issues which implicate the meaning of a federal statute or regulations promulgated thereunder.

22.    Accordingly, the requirements of 28 U.S.C. § 1331 are satisfied in this case, and removal to this Court based on federal question jurisdiction is justified.

23.    VWAG has not been served and, accordingly, its consent to removal is not required.  *See Roberts v. Palmer*, 354 F.Supp.2d 1041, 1044 (E.D.Mo. 2005 (citing *Jones v. Kremer*, 28 F.Supp.2d 1112, 1113, n.2 (D.Minn. 1998)).

## IV.    SUPPLEMENTAL JURISDICTION

24.    Finally, this Court can exercise supplemental jurisdiction under 28 U.S.C. § 1367 as to any state claims due to the presence of independent federal subject matter jurisdiction.

WHEREFORE, having fulfilled the statutory requirements of removal, Defendant Volkswagen Group of America, Inc., respectfully removes this action from the District Court of Hennepin County, Minnesota to this Court.

Dated: May 9, 2016          HANSON BOLKCOM LAW GROUP, LTD.

          s/ Paul E. D. Darsow
          _____
          Mary E. Bolkcom (#9581)
          Mickey W. Greene (#16740X)
          Paul E. D. Darsow (#285080)
          527 Marquette Avenue, Suite 2300
          Minneapolis, MN 55402
          Tel: 612.342.2880 / Fax: 612.342.2899
          Email: mbolkcom@hblawgroup.com
                mgreene@hblawgroup.com
                paul.darsow@hblawgroup.com

          **ATTORNEYS FOR DEFENDANT
          VOLKSWAGEN GROUP OF AMERICA, INC.**

## AFFIDAVIT OF SERVICE

STATE OF MINNESOTA        )
                          ) ss.
COUNTY OF HENNEPIN        )

     Paul Edward David Darsow hereby certifies on oath that on the 11th day of May, 2016, a true and correct copy of the **NOTICE OF REMOVAL** in this case was served on Plaintiff's counsel by depositing in the U.S. Mail, at Minneapolis, Minnesota, postage prepaid, in a sealed envelope, duly addressed as follows:

Anthony P. Chester (#0396929)
Robert L. Hyde (#035109X)
HYDE & SWIGART
120 South 6th Street, Suite 2050
Minneapolis, MN 55402

to the above-listed attorneys at said addresses, the last known address of said attorneys.

                              s/ Paul E. D. Darsow
                              Paul E. D. Darsow